**Harold D. GRIFFIN, Appellant–**
**Defendant**

v.

**Jenny L. and Joseph J. ACKER, Individu-**
**ally and as Parents and Guardians of**
**Ryan Joseph Acker, A Minor, Appellees–**
**Plaintiffs.**

No. 48A02–9503–CV–155.

Court of Appeals of Indiana.

Dec. 29, 1995.

Rehearing Denied March 4, 1996.

William K. Deer, Paul A. Logan, McTurnan Cadwell & Deer, Indianapolis, for appellant.

Ralph E. Dowling, William E. Winningham, Wilson Kehoe & Winningham, Indianapolis, for appellees.

## OPINION

ROBERTSON, Judge.

Harold D. Griffin appeals a jury verdict in favor of Jenny L. and Joseph J. Acker in their lawsuit related to an automobile collision which involved Griffin and Jenny Acker. Griffin raises the following issues:

I. Is the Defendant entitled to an instruction that the Plaintiff's damages for future medical expenses and future pain and suffering should be reduced to present value, and should the Defendant be allowed to introduce evidence to aid the jury to assess the present value of future medical expenses and future pain and suffering.

II. Was the $90,000.00 verdict excessive as a matter of law?

We affirm.

The evidence reveals that the Ackers' automobile had a head-on collision with Griffin's automobile. Jenny, the driver of the Ackers' vehicle, received several injuries in the crash. The Ackers filed a lawsuit against Griffin for damages. The trial court found Griffin negligent and submitted the issue of damages to a jury.

During the trial for damages, Counsel for the Ackers intended to argue that Jenny was permanently injured and should receive $5 to $10 per day for the remainder of her life expectancy for her pain and suffering. Counsel also intended to argue that she would incur medical expenses of $750 every five years for the remainder of her life expectancy.

In light of the particularized sums that Counsel for the Plaintiffs proposed to present to the jury, Counsel for Griffin sought to instruct the jury, as follows:

> In determining damages, if any, for future medical expenses and future pain and suffering, if any, you may award only the present value of such future losses. You may not award damages for future losses that are not reduced to this present value.

Griffin tendered the instruction to the trial court along with two exhibits for use by the jury in the determination of present value. In the form of Exhibit A, Griffin asked the trial court to take judicial notice of interest tables located in Burns Indiana Statutes. Griffin also tendered a copy of the Wall Street Journal, as Exhibit B, which showed that the prevailing rate of 30–year Treasury bonds was seven and one-half percent as of the previous Friday. Counsel for the Ackers objected to the instruction and to the exhibits, in part, because they did not account for inflation and because they would confuse the

jury. The trial court ruled on the admissibility of both exhibits and on the propriety of the tendered instruction, in pertinent part, as follows:

> For me, the difficulty here is deciding what, what the line is between common sense arguments that lawyers are entitled to make for the jury based on the evidence, and without any evidence, I can't imagine it wouldn't be appropriate in summing up to talk about give due consideration to inflation, if you want to say it from your side, or your side, give due consideration of the fact that you're making a present award, and it might be appropriate for you to make some discount, since really, the pain and suffering is going to be carried on over a long period of years, if you're going to give an award for that today, you need to make some adjustment for that that would be a fair and appropriate thing to do for the defendant. I can't imagine that that wouldn't be a fair thing to argue.
>
> * * * * * *
>
> I like the analysis. I continue to believe and would allow, I think, in closing argument and in summation, to talk in general terms, but when you add support of the Court to that with a specific instruction that you shall do this or you shall not do this, then that brings it to a new level. And I think, in my judgment, that the support is just not as strong as it needs to be to ask a trial judge to give an instruction like this.

(R. 724–725, 742–743). The trial judge ruled that he would not take judicial notice of the tables and would not permit the Treasury bill rate to be admitted into evidence. Later, the trial court refused to give the tendered instruction to the jury.

### I.

■ The instruction of the jury is a matter primarily entrusted to the discretion of the trial court. *Donaldson v. Indianapolis Public Transportation Corp.* (1994), Ind. App., 632 N.E.2d 1167, 1171. We will not disturb the decision of the trial court absent an abuse of discretion. *Id.* On review of the denial of a requested instruction, this Court will find error only if the substance of the instruction is legally correct, if it is sup-

ported by the evidence, and if it is not adequately covered by other instructions. *Board of County Commissioners v. Arick* (1985), Ind.App., 477 N.E.2d 112, 114. The denial, however, is not presumed fatal and will constitute reversible error only when substantial rights have been adversely affected. *Id.*

■ Present value has been defined as representing the present value of a sum of money that is to be paid over a period of years, with the discounted award being an amount which would be invested to yield the future sum. *Eden United, Inc. v. Short* (1995), Ind.App., 653 N.E.2d 126, 135. Although evidence of present value may assist the jury in the determination of a reasonable award, it is not essential to an award of damages. *FMC Corp. v. Brown* (1988), Ind. App., 526 N.E.2d 719, 731.

■ Griffin's tendered instruction takes the form of a mandate. The instruction would have required the jury to "award only the present value of such future losses" and would not have allowed the jury to "award damages for future losses that are not reduced to this present value." Inasmuch as evidence of present value is not essential to an award of damages, and Griffin's instruction attempts to make his arguments on present value essential to an award of damages, the substance of the instruction is not legally correct. The refusal of the instruction fell within the discretion of the trial court.

Griffin also claims the trial court should have admitted his exhibits. The trial court allowed Griffin to argue about present value to the jury even though it had refused his mandatory instruction. Griffin claims the exhibits were relevant and would have aided the jury in its determination of damages. In contrast, the Ackers claim that the evidence did not properly account for inflation and that the exhibits would have confused the jury.

■ Specifically, Griffin contends that the Ackers' argument for specific cash flows into the future is particularly amenable to present value calculations. Although the cash flows

did not account for inflation, Griffin contends that the Ackers could have produced evidence of inflation had they chosen to do so. The Ackers contend that Griffin's Treasury bill figure inherently contains an inflation factor, inasmuch as many economists claim the real rate of interest in this country is between 1% and 3%, and that the proper discount rate should exclude inflation in order to conform to their claim for damages.

This Court will not presume to dictate a proper discount rate for present value purposes. We agree with the general statements that present value is a proper consideration in the determination of an appropriate award. *See e.g., Eden United,* 653 N.E.2d 126; *State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198; *Burkhart v. Burkhart* (1976), 169 Ind.App. 588, 349 N.E.2d 707. *State v. Daley* (1972), 153 Ind.App., 330, 287 N.E.2d 552. We also note that an awareness of general inflation and a constant depreciation and cheapening of money lies within the zone of discretion given to the trier of fact in the assessment of damages. *Daley,* 153 Ind.App. at 337, 287 N.E.2d at 556.

 The parties can, of course, agree on the appropriate discount rate. *See e.g.,* I.C. 26–1–2.1–103(1)(u) (commercial leases). Also, a discount rate may be applied where the evidence is essentially undisputed. *See Eden United,* 653 N.E.2d at 135 (plaintiff-appellee had, in essence, conceded that the appropriate discount rate was 14%). In general, however, the determination of the real interest and inflation rates, as well as the degree to which they combine to produce a particular market rate, are matters best left to the trier of fact. The determination of the proper discount rate "lies within the zone of discretion given to the trier of fact in the assessment of damages." *See Daley,* 153 Ind.App. at 337, 287 N.E.2d at 556. See 22 Am.Jur.2d *Damages* § 179 (1988); Rosenhouse, *Effect of Anticipated Inflation on Damages for Future Losses—Modern Cases,* 21 A.L.R.4th 21 (1983) (cases cited for the proposition).

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of, among other considerations, confusion of the issues. Ind.Evidence Rule 403. The matter is entrusted to the discretion of the trial court. *See Evans v. State* (1994), Ind., 643 N.E.2d 877 (unfair prejudice under Evid.R. 403).

In the present case, the trial court faced a decision about whether to admit evidence about a 7.5% interest rate for 30-year Treasury bills. Griffin claimed that use of that rate as a discount rate was appropriate. The rate is a combination of the inflation rate and the real interest rate, but Griffin did not distinguish between the two. The Ackers claimed that the real interest rate was the appropriate discount rate.

Although relevant to the proper rate of discount, the trial court properly could have concluded that "the support is just not as strong as it needs to be" in order to use the Treasury bill rate as the discount rate. The trial court properly could have concluded that the danger of confusion the rate would have had on the present value issue substantially outweighed its probative value. Reasonable minds might differ about whether the interest rate exhibit should have been admitted into evidence, but the decision to refuse its admission did not amount to an abuse of discretion.

 The trial court also faced a decision about whether to take judicial notice of the Burns interest tables. The exhibit Griffin submitted included tables for interest rates from 1% to 10% per year. The tables aid in the determination of, inter alia, the present value of $1 per annum for up to fifty years.

A court may take judicial notice of a fact. Evid.R. 201(a). A judicially-noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Id.* A court shall take judicial notice if requested by a party and supplied with the necessary information. Evid.R. 201(d). In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. Evid.R. 201(g).

The present value of $1 per year for a given number of years is a calculation capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. It is, therefore, not subject to reasonable dispute. Also, as stated above, the determination of the appropriate discount rate is a matter for the trier of fact. In the present case, the jury could have used the tables in conjunction with the appropriate discount rate to have calculated the present value of the damage award. *See e.g., Eversole v. Consolidated Rail Corp.* (1990), Ind.App., 551 N.E.2d 846, 853 (no error in the admission of standard interest and annuity tables, in conjunction with an instruction on present value, although without the benefit of expert testimony, leaving the actual calculation to the jury). We conclude that the trial court improperly refused to take judicial notice of the interest tables.

We do not, however, conclude that the exclusion of the interest tables amounts to reversible error. Griffin has not established that his substantial rights were prejudiced by the refusal to take judicial notice. *See Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 266. The trial court allowed Griffin to argue that any damage award should reflect the present value of the total award. In turn, the Ackers argued that inflation would erode any earnings they might realize from investment of the total award. The trial court instructed the jury that it must "determine the amount of money which will fairly compensate the plaintiffs ..." for their losses. On appeal, we will presume the jury followed the law contained within the trial court's instructions and applied that law to the evidence before it. *Dee v. Becker* (1994), Ind.App., 636 N.E.2d 176, 180.

In light of the arguments and instructions before the jury, we presume it calculated the total award as an amount of money which fairly compensates the Ackers. Further, in light of the total damage award the Ackers sought, Griffin has not established that the jury did not reduce the total award to its present value. Griffin therefore has not shown his substantial rights were affected by the refusal to take judicial notice of the present value tables.

Finally, some authorities maintain that a present value award for future pain and suffering is improper. *See generally,* McCormick, Handbook on Damages § 88, p. 318 at n. 24 (1935) (and cases cited there); Restatement (Second) of Torts, § 913A (1977) (and cases cited there). The Ackers offered the proposition to bolster their position that the law does not support a present value instruction on those damages. Because (1) the trial court abused no discretion when it refused to give the present value instruction to the jury; (2) the court abused no discretion when it excluded the evidence of the Treasury bill interest rate; (3) Griffin has not established that the decision to not take judicial notice of interest tables adversely affected his substantial rights; (4) the verdict is not excessive, as discussed below; and (5) Griffin, the appellant, does not claim a damage award for future pain and suffering is improper, we need not decide whether such an award is improper in this jurisdiction.

## II

Griffin claims the damage award is excessive. He identifies evidence which he claims shows the injuries were not great, in either quantitative or qualitative amounts. He recognizes that we will not reweigh the evidence and will consider only the evidence favorable to the award. *Fowler v. Campbell* (1993), Ind.App., 612 N.E.2d 596, 603.

A judgment is not excessive unless the amount cannot be explained upon any basis other than prejudice, passion, partiality, corruption, or some other improper element. *Fowler,* 612 N.E.2d at 603. Our inability to actually look into the minds of jurors and determine how they computed an award is, to a large extent, the reason behind the rule that a verdict will be upheld if the award falls within the bounds of the evidence. *Symon v. Burger* (1988), Ind.App., 528 N.E.2d 850, 853.

The Ackers presented evidence and argument from which the jury could have awarded them much more than $90,000.00 in damages. Griffin's claim that the damage award is excessive is merely an invitation to reweigh the evidence. The award falls with-

in the bounds of the evidence, and we will not disturb it.

Judgment affirmed.

BAKER and DARDEN, JJ., concur.