Barnes, Judge,
dissenting with separate opinion.
T respectfully dissent. I am fully aware that the law generally mandates derivative actions in circumstanc’es such as these. However, I' believe this case, on these facts, in this legal posture, compels that the exception to that rule articulated by our supreme court should apply. See Barth v. Barth, 659 N.E.2d 659 (Ind. 1995),
I take a slightly different stance with the standard of review than the mar-jority. Because I believe the trial court clearly had to resolve disputed facts and did so entirely on a paper record, we should owe no deference to the trial court’s decision. See GKN Co. v. Magness, 744 N.E.2d 397, 401 (Ind. 2001). Also, under the ordinary summary judgment standard, our review should be de novo. See Hughley v. State, 16 N.E.3d 1000, 1003 (Ind. 2014) (stating de. novo standard of review for summary judgment rulings).
I simply see the elements of Barth and the facts here in a different light than my colleagues. The danger that allowing a direct action will expose TPO to a multiplicity of suits, to me is negligible, if not non-existent. There are six other shareholders, besides Andrew and the Sibling Shareholders, who might bring such actions. One of these, David Kesling, is, and always been, aligned with Andrew. See Appellant’s App. Vol. II p. 181. The other five shareholders all were notified in 2010 that this lawsuit was filed. Since that time, not one has participated in, or expressed any desire to participate in, the suit. Given the passage of time and the non-interest shown, coupled with the fact the statute of limitations would bar most, if not all, new actions,[13] this Barth factor weighs in favor of the Sibling Shareholders.
*123 Second, I find no evidence in the record that TPO’s creditors would be materially prejudiced by a direct action. The corporation is solvent, and there is no hint of financial difficulty. See id, at 214. This lawsuit practically confirms that fact—it is unlikely there would be such concern over a faltering entity. The American Law Institute (“ALI”), drafters of Section 7.01(d) of the Principles of Corporate Government, which the Barth court adopted verbatim, stated, “In general, when a direct action is brought on behalf of the entire class of injured shareholders and the corporation’s solvency is not in question, there is less reason to insist that the action be1 brought ■ derivatively;” Principles op Corporate Government § 7.01, cmt. e (emphasis added). Moreover,' “If necessary, the court can-still protect creditors of the corporation by directing that • .adequate provision be made for the firm’s creditors out of any recovery.” Id, Given TPO’s solvency and the trial court’s ability to fashion remedies to protect creditors in the event TPO is insolvent, I.believe,this factor weighs in favor of permitting, the Sibling Shareholders to pursue a direct action.
Third, there is no indication that permitting a direct action will interfere with a fair distribution of recovery among all interested persons. The five “unaligned” shareholders do not and have not expressed any interest -in this matter, and the Sibling Shareholders have executed sworn affidavits promising to return any money recovered to TPO. Although. my colleagues question the credibility of the Sibling Shareholders in this regard, I believe that as the case is now situated, in the context of a summary judgment motion, the: court was required to accept the affidavits as credible. See Hughley, 15 N.E.3d at 1003-04. (holding that even “self-serving” affidavits* filed in response to a summary judgment • motion must be accepted as credible). In any event, having now made that representation, -I believe the trial court would be able to fashion an equitable remedy holding the Sibling Shareholders to that' representation if their direct lawsuit- was successful. Ultimately, trial courts have broad powers of equity to fashion flexible remedies in cases involving close corporations. G & N Aircraft, Inc. v. Boehm, 743 N.E.2d 227, 244 (Ind. 2001).
Most importantly, allowing a direct action here is entirely consistent,' in my view, with the policy reasons for allowing such actions. The Sibling Shareholders are squarely against the Board and Andrew, which, to charitably characterize it, have been stonewalling these claims for approximately seven years. The Board is clearly not disinterested. In 2006 Andrew, then holding 51% of TPO’s voting stock, removed his father, Pete, and one of the Sibling Shareholders, Chris, from the seven-member Board.[14] At that time, three other persons were added to the Board, in addition to. Andrew, David, and two preexisting members. Andrew will continue to *124 control 51% of the voting stock. It is my belief that our supreme court and the ALI have plainly spoken as to a key factor in allowing a direct action: “whether the corporation ■ has a disinterested board that should be permitted to consider the lawsuit’s impact on the corporation.” Barth, 659 N.E.2d at 562- (citing Principles of Corporate Government § 7.01, cmt. e). It is clear to me that TPO’s Board is not disinterested and should not, and- given past history, cannot be entrusted to pursue the claims brought by the Sibling Shareholders and- recommended for further prosecution by the SLC.
I vote to reverse the grant of summary judgment in favor of TPO with respect to not allowing the Sibling Shareholders to pursue a direct action against Andrew on the four claims recommended for prosecution by the SLC, and to remand with directions .that the Sibling Shareholders be permitted to do so.

. The four claims that the SLC recommended pursuing against Andrew were based on breach of fiduciary duly, conversion, constructive fraud, and breach óf contract. The statute of limitations for breach óf fiduciary duty and conversion is two years. See Ind. *123 Code § 34-11-2-4; Farmers Elevator Co. of Oakville, Inc. v. Hamilton, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010) (breach of fiduciary duty), trans. denied; Estate of Verdak v. Butler Univ., 856 N.E.2d 126, 133 (Ind. Ct. App. 2006) (conversion), The statute of limitations for constructive fraud is six years. See I.C. § 34-11-2-7(4); Wells v. Stone City Bank, 691 N.E.2d 1246, 1250 (Ind. Ct. App. 1998), trans. denietf.. A breach of contract claim ordinarily is governed by a ten-year statute, of limitations, See I.C1 § 34-11-2-11. Even this claim, however, might be governed by a shorter statute of limitations, See Whitehouse v. Quinn, 477 N.E.2d 270, 273-74 (Ind. 1985) (noting that applicable statute of limitations is governed by the nature,or substance of the cause of action, not its stated legal theory).

. The Board had been increased from five to seven members two years earlier.