David K. DAVIDSON, Jr., and Nancy Thornberry, Appellants– Defendants,

v.

Singe BAILEY, Appellee–Plaintiff.

No. 48A05–0404–CV–195.

Court of Appeals of Indiana.

April 26, 2005.

---

Patrick L. Miller, Lia R. Lukaart, Goodin Abernathy & Miller, LLP, Indianapolis, IN, Attorneys for Appellants.

Richard Walker, Anderson, IN, Arlene Rochlin, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

On March 5, 2004, after a four-day trial, a jury found David K. Davidson, Jr. and Nancy Thornberry (Appellants) negligent for damages sustained by Singe Bailey (Plaintiff) in a motor vehicle accident that occurred July 16, 1999, in Anderson, Indiana. The jury assessed compensatory and punitive damages against Appellants. On appeal, Appellants raise several issues for review that we consolidate and restate as:

1. Did the trial court abuse its discretion in the admission and exclusion of evidence regarding prior convictions for driving under the influence?

2. Was the evidence sufficient to support the judgment against Thornberry on the issues of negligent entrustment and punitive damages?

We affirm.[1]

The facts most favorable to the judgment demonstrate that on the evening of July 16, 1999, Davidson drove to Thornberry's home at approximately 6:00 p.m. to meet her for a date. Davidson and Thornberry both had teenage daughters around the same age and, after dropping off their daughters at a local ice-skating rink, the couple drove to Abel's, a local bar, in Thornberry's car. Upon leaving Abel's, Thornberry allowed Davidson to drive her car. Near the intersection of Pendleton Avenue and West 20th Street, Davidson drove into the rear of Patricia Berry's truck, causing the truck to rear-end a vehicle in which Plaintiff was a passenger. Davidson's blood alcohol content (BAC) taken shortly after the accident was .248%, over twice the (then) statutory limit of .10%.[2] Officer John Branson, the first police officer to arrive at the scene, noted that Davidson had a strong odor of alcohol about him, slurred speech, bloodshot eyes, and was "very intoxicated." *Transcript* at 85. Later at the hospital, Branson observed Davidson exhibit poor balance and act "very belligerent," *id.*, to the point that Branson charged Davidson with disorderly conduct. Davidson was also charged with public intoxication and operating a vehicle while intoxicated causing serious bodily injury.

Plaintiff filed a complaint against Davidson on April 16, 2001, with respect to the accident. On June 22, 2001, Plaintiff amended his complaint to add Berry and Thornberry as defendants. Plaintiff asserted theories of negligence and gross negligence against Davidson, negligent entrustment against Thornberry, and negligence against Berry.[3] In their answer,

---

1. Thornberry appeals the entry of punitive and compensatory damages against her while Davidson appeals only the punitive damages award.

2. In 2001, Indiana lowered the legal level of intoxication from .10% to .08%. *See* Ind.Code Ann. § 9-4-1-54, repealed; Ind.Code Ann. § 9-30-5-4 (West, PREMISE through 2004 2nd Regular Sess.).

3. Appellants have been represented by the same attorney throughout this lawsuit and now on appeal.

Appellants asserted as an affirmative defense that Plaintiff failed to mitigate his damages and that his damages had been at least partially satisfied by payments from an admissible collateral source.

Before trial, Appellants filed a motion in limine seeking to exclude evidence of Davidson's prior and subsequent criminal convictions for driving under the influence (DUI convictions). Plaintiff also filed a motion in limine seeking to exclude evidence of his previous DUI convictions. After hearing argument, the trial court excluded evidence of Davidson's subsequent DUI convictions, but permitted introduction of Davidson's prior DUI convictions occurring on: (1) November 11, 1990; (2) August 7, 1991; (3) January 19, 1993; and (4) November 7, 1995. The trial court also excluded evidence of Plaintiff's previous DUI convictions.

On March 2, 2004, a jury trial commenced. At the close of Plaintiff's case, Berry successfully moved for judgment on the evidence arguing that Plaintiff had failed to establish any negligent act on her part.[4] Thornberry also moved for judgment on the evidence on the negligent entrustment claim and, alternatively, on the issue of punitive damages. The trial court denied both motions.

During Appellants' case, Davidson's testimony was presented via videotaped deposition because Davidson was incarcerated at the time of trial. Davidson testified he had drank three mixed drinks at lunch the day of the accident, but that from approximately 6:00 p.m. until 9:30 p.m., the time of the accident, he had consumed only half a quart of beer. On cross-examination, evidence of Davidson's prior DUI convictions was presented to the jury. Thornberry testified she had formerly worked at a restaurant that served alcohol and had been trained to recognize indications that a person had drank too much, e.g., slurred speech, bloodshot eyes, and unsteady balance. Thornberry denied seeing any indication Davidson was intoxicated when she let him drive her car.

After Appellants' presentation of evidence, the jury returned a verdict in favor of Plaintiff. The jury allocated fault amongst the parties as follows: (1) Ten percent to Plaintiff; (2) eighty percent to Davidson; and (3) ten percent to Thornberry. Plaintiff's total compensatory damages, without regard to fault, were determined to be $40,000, and, after multiplication of the jury's fault allocation, the jury awarded compensatory damages of $32,000 against Davidson and $4,000 against Thornberry. The jury also entered punitive damages of $1,500 against Thornberry and $100,000 against Davidson.[5]

1.

■■■ Appellants contend that two evidentiary errors committed by the trial court require reversal. In particular, Appellants contend the trial court erred in admitting evidence of Davidson's prior DUI convictions and in excluding evidence of Plaintiff's prior DUI convictions.[6] Our

---

4. Berry asserted that the evidence presented only established that her truck was pushed into the vehicle that Plaintiff was in by virtue of the rear-end collision caused by Davidson.

5. The $100,000 award was reduced to $96,000 on Appellants' Motion to Reduce Punitive Damages Award based on Indiana law limiting punitive damages to three times a compensatory award. See Ind.Code Ann.

§ 34–51–3–5 (West, PREMISE through 2004 2nd Regular Sess.).

6. Plaintiff asserts Appellants waived the issue of whether the trial court erred in admitting evidence of Davidson's prior DUI convictions by failing to object at trial. Davidson's testimony was presented at trial via a videotaped deposition. When the deposition was played for the jury, Plaintiff claims that Davidson

standard of review in determining whether the trial court properly admitted or excluded evidence is well settled:

> The decision to admit or exclude evidence lies within the sound discretion of the trial court and is afforded great discretion on appeal. *Bacher v. State,* 686 N.E.2d 791, 793 (Ind.1997). We will not reverse that decision absent a showing of manifest. abuse of that discretion.

*Strack & Van Til, Inc. v. Carter,* 803 N.E.2d 666, 670 (Ind.Ct.App.2004). Moreover, in determining whether evidentiary error requires reversal, we assess the probable impact upon the trier of fact. *Wohlwend v. Edwards,* 796 N.E.2d 781.

■■■ "Although evidence must be relevant to be admissible, *see* Ind. Evidence Rule 402, not all relevant evidence is admissible." *Wohlwend v. Edwards,* 796 N.E.2d at 785. Ind. Evidence Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence. *Wohlwend v. Edwards,* 796 N.E.2d 781. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401.

■■■ Appellants argue that Davidson's prior DUI convictions are irrelevant to the issue of punitive damages, or, if relevant, were unfairly prejudicial. Punitive damages are proper only if "there is clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, honest error or judgment, overzealousness, mere negligence, or other human failing." *Wohlwend v. Edwards,* 796 N.E.2d at 784.

> Punitive. damages may also be awarded upon a showing of willful and wanton misconduct. Punitive damages are those designed to punish the wrongdoer and to discourage him and others from similar conduct in the future. Because they are awarded in addition to damages that compensate for the specific injury, the injured party has already been awarded all that he is entitled to as a matter of law. Therefore, the sole issue is whether the defendant's conduct was so obdurate that he should be punished for the benefit of the general public. ·

---

failed to object based on relevance or extreme prejudice when the germane portion of the deposition was played. Our review of the transcript, however, demonstrates that Davidson's attorney *did* object when questions regarding the prior DUI convictions were asked, stating, "I'll object to that question and move to strike it consistent with the motion in limine previously filed. Plus the fact that it was asked as to arrests and not convictions." *Transcript* at 426. Thereafter, the trial court stopped the videotape and held a bench conference off the record. Evidence regarding Davidson's previous DUI conviction was subsequently admitted. When the subject of DUI convictions arose during a later portion of the deposition, Davidson's attorney objected on the videotape, stating, "I'm going to object beyond what's already been asserted in the motions in limine on this issue and that it also assumes facts not in evidence." *Id.* After the videotape was stopped, counsel stated, "Withdrawn, based upon prior ruling." *Id.* Appellants argue in their Reply Brief, responding to Plaintiff's waiver claim, that the "prior ruling," refers to the trial court overruling Appellants' objection to introduction of the DUI convictions ·discussed during the bench conference. Our review of the transcript supports this position. "The purpose of ·requiring a trial objection is so that any error might be corrected by the trial court at that time." *Wohlwend v. Edwards,* 796 N.E.2d 781, 784 (Ind.Ct.App.2003). This purpose was fulfilled by Appellants' objection. The issue is not waived.

Punitive damages are awarded upon a showing of intentional conduct, which focuses on the defendant's state of mind. *INS Investigations Bureau, Inc. v. Lee,* 784 N.E.2d 566, 582–83 (Ind.Ct.App.2003) (citations omitted). We find that evidence of Davidson's four previous DUI convictions was clearly relevant to his state of mind at the time of the accident and whether his actions were willful and wanton justifying the imposition of punitive damages. The remaining question is if the introduction of this evidence was unfairly prejudicial.

▪ Appellants assert that the introduction of the DUI convictions was unfairly prejudicial because when the jury heard evidence of Davidson's prior convictions there was a danger that it would and did punish Davidson for his past behavior rather than his conduct the night of the accident. In support of this argument, Appellants rely on *Wohlwend v. Edwards,* 796 N.E.2d 781, wherein a panel of this court reversed an award of punitive damages arising out of a motor vehicle accident. As an issue of first impression, the *Wohlwend* court held it was reversible error to admit evidence of defendant's subsequent acts of drunken driving even if limited to the issue of punitive damages.[7] In reaching this conclusion, the *Wohlwend* court engaged in an extensive discussion of *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003),[8] as well as relevant caselaw from other jurisdictions, and expressed concern that admission of defendant's subsequent bad acts created a danger that the jury would punish defendant for subsequent behavior rather than the conduct involving the plaintiffs. *Wohlwend v. Edwards,* 796 N.E.2d 781.

Appellants assert that the "identical concerns that this Court had in *Wohlwend* have come to fruition in this case." *Appellants' Brief* at 11. We disagree and find *Wohlwend* readily distinguishable. Most notably, *Wohlwend,* dealt only with *subsequent* conduct. Appellants contend that the same rationale for excluding subsequent conduct should be applied to exclude prior conduct. An award of punitive damages, however, is predicated on the intentional conduct of a defendant and asks the fact-finder to focus on that defendant's state of mind. While Davidson's subsequent DUI convictions would have no bearing on his state of mind the night of the accident, and were, thus, properly excluded, the same cannot be said of his four previous DUI convictions and the fact he was on probation for the fourth DUI conviction when the accident occurred. While, admittedly, introduction of Davidson's past convictions was prejudicial, we do not believe unfairly so. The trial court did not err in admitting evidence of Davidson's prior DUI convictions.

▪ Appellants also claim that the trial court erred in excluding evidence of Plain-

---

7. The *Wohlwend* court made clear, however, that its holding was limited to the instant case: "We are unwilling to say that, in a case involving punitive damages, post-incident acts could never be relevant to the issue of punitive damages in conjunction with the incident giving rise to the plaintiff's claim." 796 N.E.2d at 785.

8. *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585, held that courts are to consider three

guideposts upon a claim that a punitive damages award constitutes a deprivation of property without due process of law in violation of the Fourteenth Amendment: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages awarded; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

tiff's two prior DUI convictions. Specifically, Appellants urge that excluding evidence of Plaintiff's prior DUI convictions and allowing a litigant with "unclean hands" to seek punitive damages is "blatantly unjust." *Appellants' Brief* at 13. Appellants cite no relevant legal authority for this proposition, and we are aware of none. Instead, Appellants rely on a general equitable principle to support their position that Plaintiff's prior similar conduct was improperly excluded by the trial court.

As noted previously, only evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence is admissible. *See* Ind. Evid. R. 401, 402. It is undisputed that Plaintiff was a *passenger* in a car struck as a result of Davidson rear-ending Berry. Davidson admitted fault for the accident, never asserted that Plaintiff contributed to the accident, and Plaintiff's previous DUI convictions were not crimes of dishonesty admissible pursuant to Ind. Evidence Rule 609. Plaintiff's prior DUI convictions are simply not relevant to the instant litigation. Moreover, as Plaintiff does not seek an injunction or equitable relief, we fail to see how equitable doctrines are applicable. To hold otherwise would absurdly expand the unclean hands doctrine to justify admission of a plaintiff's irrelevant bad acts in efforts to deflect responsibility from a defendant's willful and wanton actions. Surely, Davidson's conduct is made no less egregious by the

fact that the individual he injured had previously been convicted of a criminal act. The trial court did not err in excluding evidence of Plaintiff's prior DUI convictions.

2.

■ Thornberry also asserts that the trial court erred in denying alternative motions for judgment on the evidence on the negligent entrustment and punitive damages claims against her. While she denotes this appeal as one based on the denial of alternative motions for judgment on the evidence, her arguments are more accurately labeled as a sufficiency challenge.[9] Even under a sufficiency review, however, Thornberry's claim fails.

Our standard of review in sufficiency cases is well-settled:

> Our standard of review of sufficiency of the evidence is the same in civil cases as in criminal cases. *Gash v. Kohm*, 476 N.E.2d 910, 914 (Ind.Ct.App.1985). We consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom. *Davis v. State*, 658 N.E.2d 896, 897 (1995). We will not reweigh the evidence or judge the credibility of the witnesses. *Id.* The verdict will be affirmed unless we conclude that it is against the great weight of the evidence. *Gash*, 476 N.E.2d at 914.

*Indian Trucking v. Harber*, 752 N.E.2d 168, 172 (Ind.Ct.App.2001).

---

**9.** As Plaintiff correctly notes, any appeal of the denial of Thornberry's judgment on the evidence motions is likely waived based on her subsequent presentation of evidence. "We have held that when a defendant moves for a judgment on the evidence and then introduces evidence on his own behalf after the motion is denied, the defendant has waived any alleged error regarding the denial of the motion." *Hartford Steam Boiler In-*

spection & Ins. Co. v. White, 775 N.E.2d 1128, 1134 (Ind.Ct.App.2002); *see also* Ind. Trial Rule 50(A)(6) ("A motion for judgment on the evidence made at one stage of the proceedings is not a waiver of the right of the court or of any party to make such a motion ... except that error of the court in denying the motion shall be deemed corrected by evidence thereafter offered or admitted.").

To establish a claim for negligent entrustment, Plaintiff was required to prove by a preponderance of the evidence that Thornberry: (1) entrusted her car; (2) to an incapacitated person or one who is incapable of using due care; (3) with actual and specific knowledge that the person is incapacitated or incapable of using due care at the time of the entrustment; (4) proximate cause; and (5) damages. *Hardsaw v. Courtney,* 665 N.E.2d 603 (Ind.Ct.App.1996). A person who is intoxicated could be considered incompetent to drive safely for purposes of a negligent entrustment claim. *Sutton v. Sanders,* 556 N.E.2d 1362 (Ind.Ct.App.1990). The only element Thornberry challenges is whether she had actual and immediate knowledge of Davidson's intoxication.

The night of the accident, Thornberry and Davidson were together from approximately 6:00 p.m. until the accident around 9:30 p.m. During that time, Thornberry admitted to seeing Davidson consume alcohol while they were at Abel's, but claimed he only drank half of a quart of beer—or approximately one and a half glasses. At trial, Officer Ryan Geer testified that a 180–pound man would have to drink five drinks (equivalent to a beer or a shot) in one hour to have a BAC of .10%—the (then) legal limit. Davidson's BAC shortly after the accident was .248%. Branson, moreover, testified that at the scene of the accident, Davidson smelled of alcohol, had slurred speech, and bloodshot eyes. Later, at the hospital, Davidson exhibited poor balance and was belligerent to the point of being charged with disorderly conduct. Thornberry also testified that in a previous job as a waitress, she had been trained to recognize signs of intoxication, including, slurred speech, bloodshot eyes, and unsteady gait.

Thornberry asserts there was a "complete absence of any evidence whatsoever during the course of the trial," *Appellants' Brief* at 17, that would support her actual and immediate knowledge of Davidson's intoxication. The foregoing evidence clearly rebuts such an assertion. Thornberry, however, relies on the following testimony to support her claim that she had no actual knowledge of Davidson's inability to drive her car the night of the accident:

[Counsel:] How did [Davidson] look to you when he got there, Nancy?

[Thornberry:] He seemed alright, you know, he was kinda smiling, you know. He had his daughter with him. He was just uh, seemed kinda glad to be there.

[Counsel:] Seem drunk to you?

[Thornberry:] No, not at all.

[Counsel:] Intoxicated?

[Thornberry:] No.

[Counsel:] He bring any booze with him to your house?

[Thornberry:] No. Not that I'm aware of.

[Counsel:] Did he have any booze to drink while he was at your house?

[Thornberry:] No.

* * *

[Counsel:] And then you and [Davidson] went on to Able's [sic]?

[Thornberry:] Yes.

[Counsel:] Uh, had he ever driven your car before?

[Thornberry:] No, sir.

[Counsel:] Was there any big discussion about that or was it just kinda like . . .

[Thornberry:] No. It was no discussion, it was just, uh, there was just more room in my car and the kids could be in the back seat.

[Counsel:] This car uh, specifically, him driving the car. Was there any discussion about that?

[Thornberry:] No. I just thought it was a guy thing, you know? Your first date and such.

[Counsel:] At the time he got behind the driver's uh, when he got behind the steering wheel, did you have any indicators, Nancy, that he should not be driving?

[Thornberry:] No, I did not.

[Counsel:] Would you have put yourself and you daughter in the car if you'd known his blood alcohol . . .

[Thornberry:] No, sir.

[Counsel:] . . . was as high as it was?

[Thornberry:] No.

*Transcript* at 458–459, 460–61. On cross-examination, Thornberry continued to deny any knowledge Davidson was intoxicated:

[Counsel:] Umm. You're telling the jury when he arrived there at 6 o'clock, he had absolutely no indication to you that he had been drinking. Is that right?

[Thornberry:] That's right.

*Id.* at 471.

Thornberry's position, in essence, is that absent an admission that she *knew* Davidson was intoxicated when she allowed him to drive her car, Plaintiff's negligent entrustment claim must fail. This argument lacks merit. In jury trials, jurors are the exclusive finders of fact and judges of witness credibility. Here, the jury was called upon to weigh the facts, inferences drawn from those facts, and the credibility of witness testimony, including Thornberry's, to determine if Thornberry had actual knowledge of Davidson's intoxication. Certain to impact the jury's credibility determination was its knowledge that Thornberry was a co-defendant in the instant action. Moreover, Thornberry testified that despite being well aware of indications of intoxication from previous on-the-job training, she had no suggestion

that Davidson, with a BAC over twice the legal limit, was incapacitated. Thornberry further claimed to have only seen Davidson consume approximately one and one half glasses of beer in the three and one half hours they were together prior to the accident. The jury was free to disbelieve Thornberry's self-serving and incredible testimony. The evidence supports the verdict on the issue of negligent entrustment.

Thornberry also claims that the evidence did not support an award of punitive damages against her. Specifically, she contends there was no clear and convincing evidence of gross negligence or willful and wanton conduct. Thornberry's argument focuses on the fact that her liability was premised upon a theory of negligence and "mere" negligent conduct cannot support an award of punitive damages. *Appellants' Brief* at 22. Under Indiana law there are no degrees of negligence. *Wilshire Servicing Corp. v. Timber Ridge P'ship,* 743 N.E.2d 1173 (Ind.Ct.App.2001). The proper discussion to determine if punitive damages are appropriate is whether the complained of conduct was wanton and willful. *Wohlwend v. Edwards,* 796 N.E.2d 781. Willful and wanton conduct has been held to include an intentional act done with reckless disregard of the natural and probable consequences of injury to a known person under the circumstances known to the actor at the time. *Witham v. Norfolk & Western Ry. Co.,* 561 N.E.2d 484 (Ind.1990).

It is undisputed that Davidson's BAC was .248% shortly after the accident and that Thornberry had spent over three hours with Davidson immediately prior to the accident. Officer Branson testified that shortly after the collision, Davidson displayed signs of obvious intoxication, including slurred speech, odor of alcohol, and bloodshot eyes. It is also undisputed that Thornberry had training from a previous

job to be aware that the exact behavior Davidson displayed signaled intoxication. Based on the foregoing, the evidence was clear and convincing that Thornberry permitted Davidson to drive her car with reckless disregard of the natural and probable consequences. The award of punitive damages was proper.

Judgment affirmed.

SHARPNACK, J., and BAKER, J., concur.