John H. MATZAT, Appellant–
Petitioner,

v.

Brenda K. MATZAT, Appellee–
Respondent.

No. 10A01–0512–CV–539.

Court of Appeals of Indiana.

Oct. 4, 2006.

Matthew Jon McGovern, Evansville, IN, Attorney for Appellant.

Leslie D. Merkley, Jeffersonville, IN, Attorney for Appellee.

## OPINION

KIRSCH, Chief Judge.

John H. Matzat ("John") appeals the trial court's award of incapacity maintenance to Brenda K. Matzat ("Brenda"). He raises two issues on appeal:

I.    Whether the trial court erred or abused its discretion in excluding evidence of the Social Security Administration's denial of Brenda's disability claim at the motion to correct error hearing.

II.    Whether the trial court erred or abused its discretion in awarding spousal maintenance.

We reverse.

## FACTS AND PROCEDURAL HISTORY

At the final hearing in their marital dissolution proceeding, the primary issue presented was Brenda's request that the trial court award her rehabilitative maintenance.[1] In support of her request, Brenda testified that she did not receive a high school diploma and that she has back problems that have impeded her ability to work. *Tr.* at 30, 33. Brenda stated that she could no longer work as a certified nurse because she was unable to lift patients and that she could not work in data entry because it required her to sit for long periods of time. *Id.* at 31, 34–35. Further, Brenda testified that she was seeking social security benefits. *Id.* at 33.

The trial court awarded Brenda incapacity maintenance of $200.00 a week and COBRA insurance coverage until she begins receiving social security benefits. John filed a motion to correct error, contending, among other things, that the award of maintenance was in error or an abuse of the trial court's discretion. The trial court held a hearing on the motion to correct error and denied John's proffer of evidence regarding the denial of Brenda's social security claim. The trial court denied the motion to correct error. John now brings this appeal.

## DISCUSSION AND DECISION

### I.  Excluded Evidence

██ The decision to admit or exclude evidence rests within the discretion of the trial court. *Davidson v. Bailey,* 826 N.E.2d 80, 85 (Ind.Ct.App.2005). We will only reverse if there is a manifest abuse of that discretion. *Id.* "An abuse of discretion in this context occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or it misinterprets the law." *Carpenter v. State,* 786 N.E.2d 696, 702–03 (Ind.2003).

John contends that the trial court abused its discretion when it excluded records of Brenda's social security claim at the hearing on the motion to correct error. Specifically, John asserts that he was denied an opportunity to present to the court newly discovered, material evidence that he could not have discovered through due diligence before the filing of the motion to correct error or the court's entry of the maintenance award, and that this evidence would probably result in a different outcome. *See Laudig v. Marion County Bd. of Voters Registration,* 585 N.E.2d 700, 712 (Ind.Ct.App.1992).

---

1.  Although Brenda requested rehabilitative maintenance, her actual request was for inca-  pacity maintenance.

■ To prevail on a motion to correct error based on newly discovered evidence, John needed to demonstrate that the evidence could not have been discovered and produced at trial with reasonable diligence; that the evidence is material, relevant, and not merely cumulative or impeaching; that the evidence is not incompetent; that he exercised due diligence to discover the evidence in time for the final hearing; that the evidence is worthy of credit; and, that the evidence raises the strong presumption that a different result would have been reached upon retrial. *Id.*

Here, John discovered the status of Brenda's social security claim after he filed his motion to correct error and he was unable to discover this information prior to the court's final hearing. The denial letter was not issued until after the final hearing, and Brenda failed to respond to John's discovery requests prior to the hearing. Undoubtedly, the findings of the social security claim were relevant at the hearing on the motion to correct error. The tendered documents from Brenda's social security claim showed that the Social Security Administration had denied her claim for disability benefits. In addition, the documents indicated that the claim was not based on Brenda's back condition, but on a claim that she was disabled "because ... severe depression and medication has caused stomach cramps and bloating." *Appellant's App.* at 61. The denial letter, while noting that Brenda's condition imposes certain limitations, concluded that nothing prevented her from doing her former type of work. *Id.* John's tendered documents showed that Brenda's testimony as to her medical condition—the only evidence supporting the maintenance award—was, at the least, misleading, and, at the worst, an act of fraud on the court. In either event, John's tendered documents undermined Brenda's testimony as to the nature of her social security disability claim, i.e. that she had back problems.

The proffered documents were relevant and should have been admitted.

## II. Spousal Maintenance

■ A trial court's decision to award maintenance is purely within its jurisdiction and we will only reverse if the award is against the logic and effect of the facts and circumstances of the case. *Augspurger v. Hudson,* 802 N.E.2d 503, 508 (Ind. Ct.App.2004). "A maintenance ... award is designed to help provide for a spouse's sustenance and support." *McCormick v. McCormick,* 780 N.E.2d 1220, 1224 (Ind. Ct.App.2003). "The essential inquiry is whether the incapacitated spouse has the ability to support himself or herself." *Id.; see also* IC 31–15–7–2(1).

While our research has not yielded a single, reported case in which this court has reversed the trial court's grant or denial of an incapacity maintenance award on the basis of evidentiary sufficiency, it has also not produced a case where the evidence supporting an award was as meager as the one here. *But cf. Frazier v. Frazier,* 737 N.E.2d 1220, 1224 (Ind.Ct. App.2000) (trial court's order characterizing judgment as non-dischargeable maintenance and support was reversed when no evidence supported designation); *Coster v. Coster,* 452 N.E.2d 397, 403 (Ind.Ct.App. 1983) (because no evidence supported maintenance award, trial court's order was held to be an installment payment of marital property division).

In *Paxton v. Paxton,* 420 N.E.2d 1346 (Ind.Ct.App.1981), we held that medical testimony was not required to support an award where wife testified that she was receiving social security disability due to her rheumatoid arthritis and uncontrolled hypertension and that she was unable to hold a job because of her disability. *Id.* at 1348. *Paxton* presented a stronger case than here because there the wife was receiving social security disability and unequivocally said she was not able to hold a

job because of her disability. In this case, Brenda's initial claim for social security disability had been denied and a second claim was pending at the time of the final hearing.

Brenda had the burden of proof on this issue; from her testimony we know that she claimed back problems, including back pain, that she had sought medical treatment, that she takes medication for the pain, and that she claimed to have left her job as a certified nurse because she could not lift patients. She also claimed that she had trouble standing, sitting, or walking for extended periods of time.

Brenda presented no medical evidence to support her claim of incapacity. We have no reports from treating or examining physicians. We have no expert opinion testimony. We have no x-rays or magnetic resonance imaging tests. We do not know the nature of her back problems or the cause. We do not know either the diagnosis or the prognosis. We also do not know the recommended treatment and whether she has followed that treatment. We do not know the limits, if any, that doctors may have placed on her. We do not know whether the problems are quiescent. We do not know whether they are temporary or permanent.

From the evidence presented, the trial court could only determine that Brenda suffered a back problem of unknown origin. It could not determine that she was physically incapacitated such that her ability to support herself was materially affected. Accordingly, we reverse the award of incapacity maintenance.

Reversed.

SHARPNACK, J., and MATHIAS, J., concur.