**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MARTIN A. McCLOSKEY**
McCloskey Law Offices
Elkhart, Indiana

**PETER D. TODD**
Todd Law Offices
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY YOUNG, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1107-DR-383 |
| | ) | |
| NICOLE YOUNG, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0702-DR-22

**March 5, 2012**

**MEMORANDUM DECISION—NOT FOR PUBLICATION**

**BRADFORD, Judge**.

Appellant-Petitioner Gregory Young ("Husband") challenges the trial court's award of maintenance in his dissolution action against his former wife Appellee-Respondent Nicole Young ("Wife"). Husband also challenges the trial court's award of attorney's fees to Wife following his efforts to modify custody of the parties' child. Upon appeal, Husband claims that the trial court abused its discretion with respect to each award. We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married in 2002 and separated in 2006. They have one child, P.Y., who was born in 2000 and has special needs. P.Y. has had a liver transplant, suffers from cognitive and learning problems, and has delayed physical, social, and academic development.

On February 8, 2007, Husband filed for divorce. The trial court held dissolution hearings on July 28 and September 29-30, 2010. At the July 28 hearing, Wife testified that she had suffered a back injury in February 2010 and had been unable to work since that time. According to Wife, someone had fallen on her, causing her to suffer two slipped discs in her back. Wife indicated that she expected to have back surgery and had scheduled an August 2, 2010 appointment with her back surgeon.

At the September 30 hearing, Wife again testified that her back injury made her unable to work. Wife still expected to have surgery but at that point was receiving water therapy and having epidural injections. In addition to her back injury, Wife testified that she was unable to work because she was primary caregiver for P.Y., who was often sick.

2

Following the hearing, the trial court bifurcated the proceedings, dissolving the marriage and taking the remaining issues under advisement. On April 6, 2011, Wife filed a notice of intent to relocate to Michigan, which would extend the distance between her home and Husband's by approximately five or six miles. Wife had remarried by that point. On April 19, 2011, Husband responded by, *inter alia*, objecting to the proposed relocation and requesting primary physical custody of P.Y. On May 3, 2011, the trial court permitted Wife to move pending an evidentiary hearing.

On June 22, 2011, the trial court entered an order in the parties' original dissolution action in which it granted primary legal custody of P.Y. to Wife and ordered Husband to pay $116 per week in child support. The trial court additionally ordered Husband to pay $100 per week in maintenance due to Wife's incapacity of a back injury, relatively few assets, and P.Y.'s special needs requiring that Wife forgo full-time employment. The trial court based its award upon Husband's imputed income of $897 per week and Wife's income of $100 per week. The trial court did not specify a termination date for the maintenance but ordered that it continue during Wife's period of incapacity.

During the July 6 and 13, 2011, evidentiary hearing on Wife's motion to relocate and Husband's petition for modification of custody, the parties stipulated to an income withholding order reflecting the court's order of $100 per week in maintenance. Husband did not argue that Wife had remarried or object to the withholding order on any ground. On July 19, 2011, the trial court entered an order permitting Wife's relocation, modifying the parties' parenting time arrangement, and denying Husband's request to modify custody of

P.Y. In its order, the court found unpersuasive Husband's claim that Wife was irresponsible in addressing P.Y.'s health problems. The trial court awarded Wife $2500 in attorney's fees for her costs in defending against Husband's petition for modification. This appeal follows.

## DISCUSSION AND DECISION

Husband claims that the trial court abused its discretion in awarding Wife maintenance and attorney's fees. Initially, we note that Wife did not submit an appellee's brief in this case. Where an appellee fails to file a brief on appeal, we need not undertake the burden of developing her argument. *Tisdial v. Young*, 925 N.E.2d 783, 784 (Ind. Ct. App. 2010). Instead, we will reverse the trial court's judgment if the appellant demonstrates prima facie error. *Id.* at 784-85. "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Id.* at 785 (quotation omitted).

## I. Maintenance

Husband claims that the trial court abused its discretion in awarding maintenance because Wife failed to present adequate evidence of her incapacity. Indiana Code section 31-15-7-2(3) provides for awards of maintenance as follows:

> A court may make the following findings concerning maintenance:
>     (1) If the court finds a spouse to be physically or mentally incapacitated to the extent that the ability of the incapacitated spouse to support himself or herself is materially affected, the court may find that maintenance for the spouse is necessary during the period of incapacity, subject to further order of the court.
>     (2) If the court finds that:
>         (A) a spouse lacks sufficient property, including marital property apportioned to the spouse, to provide for the spouse's needs; and
>         (B) the spouse is the custodian of a child whose physical or mental incapacity requires the custodian to forgo employment;

4

the court may find that maintenance is necessary for the spouse in an amount and for a period of time that the court considers appropriate.

> (3) After considering:
>
> > (A) the educational level of each spouse at the time of marriage and at the time the action is commenced;
> >
> > (B) whether an interruption in the education, training, or employment of a spouse who is seeking maintenance occurred during the marriage as a result of homemaking or child care responsibilities, or both;
> >
> > (C) the earning capacity of each spouse, including educational background, training, employment skills, work experience, and length of presence in or absence from the job market; and
> >
> > (D) the time and expense necessary to acquire sufficient education or training to enable the spouse who is seeking maintenance to find appropriate employment;
>
> a court may find that rehabilitative maintenance for the spouse seeking maintenance is necessary in an amount and for a period of time that the court considers appropriate, but not to exceed three (3) years from the date of the final decree.

We presume that a trial court properly considered the statutory factors before reaching a determination to grant or deny a request for maintenance. *Lloyd v. Lloyd*, 755 N.E.2d 1165, 1171 (Ind. Ct. App. 2001). We review a decision to award maintenance under an abuse of discretion standard. *Id.*

> In awarding maintenance, the trial court stated as follows:
>
> It is clear from the evidence that the Wife's earning capacity is materially affected by her back injury. There are relatively few assets in this case and the assets awarded to the Wife would not allow her to support herself. The Wife lacks sufficient property, including marital property apportioned to her, to provide for her needs. Additionally, the Wife is custodian of the parties['] special needs child whose physical and mental incapacity requires Wife as custodian to forego [sic] full time employment. What is not clear is how long Wife's disability will continue.
>
> > The Court finds that Wife is entitled to spousal maintenance during the period of her incapacity and orders Husband to pay to the Wife the sum of $100.00 per week during the period of her incapacity beginning April 15, 2011.

Appellant's App. p. 47.

Husband's argument focuses upon the claimed inadequacy of the evidence demonstrating Wife's incapacity. But the maintenance award was not solely based upon Wife's incapacity. The award was also based upon Wife's lack of sufficient property to support her needs and the fact that she was custodian of P.Y., whose physical and mental incapacity require her to forgo full-time employment. These additional factors support an award of maintenance irrespective of Wife's own incapacity, and Husband does not challenge them. *See* Ind. Code § 31-15-7-2(2). The trial court's award of maintenance is justified on these grounds alone.

Husband's challenge also fails on its merits. In *Matzat v. Matzat*, 854 N.E.2d 918, 921 (Ind. Ct. App. 2006), this court reversed an award of maintenance where the wife at issue had claimed back problems but failed to present any evidence suggesting the nature or origin of the problems, her diagnosis or prognosis, her recommended treatment, whether she had followed such treatment, or the permanency of the problem. Significantly, the wife in *Matzat* had applied for social security benefits and had been denied. *Id.* Such meager evidence could not sustain an award of incapacity maintenance. *Id.*

Here, in contrast, the nature and origin of the injury and its general diagnosis were known. Wife testified that a person had fallen on her in February 2010, causing her to sustain slipped discs. The current and future treatments were known. Wife expected to undergo back surgery but was receiving water therapy and epidural injections at the time. Wife was following those treatments. In addition, there was no evidence suggesting that

6

Wife's claims of incapacity had been denied or rejected as part of an official proceeding. While Husband suggests that Wife's willingness to educate P.Y. at home demonstrates her ability to teach, we are not persuaded that Wife must be totally debilitated on every front—including her ability to homeschool—to qualify for incapacity maintenance based upon a back injury.

In reaching this conclusion, we are aware that Wife was remarried by the time of the maintenance award. While Husband makes passing reference to this fact in his brief, there is no showing that he brought it to the trial court's attention in the context of the maintenance award[1] or that he sought a modification of maintenance on this ground. To the contrary, he specifically stipulated to an income withholding order on the basis of this maintenance award at the relocation hearing occurring after Wife had remarried. We therefore cannot entertain his challenge to the maintenance award on the ground that Wife has remarried. *See Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000) ("A party may not raise an issue for the first time . . . on appeal.").

## II.    Attorney's Fees

Husband also challenges the trial court's award of $2500 in attorney's fees to Wife for defending against his petition to modify custody, which the trial court concluded was based upon unpersuasive grounds. According to Husband, the fees arose out of Wife's choice to move out of state.

---

[1] The fact of Wife's remarriage appears to have come to light in her April 6, 2011 petition to relocate.

When reviewing a trial court's award of attorney's fees, we apply an abuse of discretion standard. *Mason v. Mason*, 775 N.E.2d 706, 711 (Ind. Ct. App. 2002), *trans. denied*. A trial court has wide discretion in awarding attorney's fees, and we will reverse such an award only if the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *Id.* The trial court may look at the responsibility of the parties in incurring the attorney's fees. *Id.* In addition, the trial judge possesses personal expertise that he or she may use when determining reasonable attorney's fees. *Id.*

While Husband's petition to modify occurred during the course of his response to Wife's petition to relocate, it was in no way compelled by it. Wife's petition to relocate resulted in merely a five-mile extension of the distance between the parties' homes. As the trial court found, Husband's petition to modify included allegations—some of his own creation—that Wife was irresponsible in caring for P.Y.'s health needs. The trial court concluded that these allegations were unpersuasive and a product of Husband's inaccurate perceptions. The trial court further concluded that Husband had presented minimal evidence in support of his petition to modify and that his own actions were not in P.Y.'s best interests. Given the lack of evidence in support of the modification and the fact that it was partially a product of Husband's mind, the trial court was within its discretion to award Wife attorney's fees in having to defend against it

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.