ALTICE, Judge,
dissenting.
[32] I agree with the majority’s conclusion that the ten-year limit set out in Ind. Evidence Rule 609 does not apply in this context. I cannot agree, however, with the majority’s ultimate conclusion, based on an Ind. Evidence Rule 403 analysis, that the trial court abused its discretion by admitting evidence of Sims’s 1983 and 1996 prior alcohol-related offenses.
[33] On more than one occasion, the majority observes that the prior convictions had no relevance or probative value with respect to the determination of compensatory damages. This is true but beside the point. A review of the record, especially closing arguments,[8] makes clear that the evidence of Sims’s prior offenses was admitted for the sole purpose of establishing punitive damages. The evidence had a direct bearing on the reprehensibility of Sims’s actions and his state of mind at the time of the accident. See Catt v. Skeans, 867 N.E.2d 582, 587 (Ind.Ct.App.2007) (“Catt had been convicted twice before of this same offense; thus, it was not an isolated incident. The degree of reprehensibility of CattV conduct, therefore, is rather, significant.”), trans, denied; Davidson v. Bailey, 826 N.E.2d 80, 86 (Ind.Ct.App.2005) (“evidence of Davidson’s four previous DUI convictions was clearly relevant to his state of mind at the time of the accident and whether his actions were willful and wanton justifying the imposition of punitive damages”).
[34]Though relevant to the issue of punitive damages, the prior convictions’ remoteness'in time does tend to diminish their probative value. In my mind, however, this should go to the weight of the evidence[9] rather than its admissibility, and *1293 I cannot say that the trial court abused its discretion in this regard. See Spencer v. State, 703 N.E.2d 1053, 1056 (Ind.1999) (even though remote crimes had low probative value and the Court was “inclined to think this evidence should not have been admitted”, the Court found no abuse of discretion in the trial court’s admission of the evidence). Accordingly, I respectfully dissent.

. Plaintiffs' counsel carefully confined any discussion of the prior offenses to the issue of punitive damages. In closing argument, counsel discussed compensatory damages in depth with no mention of the prior offenses and then briefly addressed the wife’s loss of consortium claim. Counsel then turned to punitive damages:
Punitive damages. We’ve asked for punitive damages and we think that clear and convincing evidence suggests that the Defendant was committing reprehensible behavior. And it is to punish, it is to punish. But, again, the reason it’s to punish and the reason it’s brought is to stop things like this from happening.
And if you feel that's there clear and convincing evidence that you need to send a message, you know, to Mr, Sims that this must stop. Three times is enough, What's going.to happen the fourth time? Totally your discretion. However much you feel is appropriate to send that message. That's your decision....
Transcript at 451-52. Defense counsel also addressed the prior offenses expressly in the context of punitive damages. In rebuttal, plaintiffs’ counsel discussed the prior offenses in a bit more depth, as quoted by the majority, but counsel qualified his statements: "Again, that goes to the punitive and that’s up to you guys.” Id. at 472.

. The majority places great emphasis on the jury's verdict and the fact that the vast majority of the damages awarded were compensatory rather than punitive. To me, this indicates that the jury carefully weighed the evidence admitted regarding punitive damages and gave little weight to the prior convictions due to their remoteness in time.