# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**STEVEN V. CAPLIN**
Caplin Sniderman, P.C.
Carmel, Indiana

**CHRISTOPHER B. GAMBILL**
**NOAH L. GAMBILL**
Wagner, Crawford and Gambill
Terre Haute, Indiana

ATTORNEY FOR APPELLEE:

**KIRK A. HORN**
Mandell Horn McGrath & Reynolds, P.C.
Carmel, Indiana



FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN WILLIAMS, SPECIAL ADMINISTRATOR OF THE ESTATE OF ROSCOE PETTY, ET AL. | ) ) ) ) | |
| Appellant-Defendant, | ) ) | |
| vs. | ) | No. 11A01-1202-CT-70 |
| | ) | |
| SAFE AUTO INSURANCE COMPANY, | ) ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLAY SUPERIOR COURT
The Honorable J. Blaine Akers, Judge
Cause No. 11D01-0902-CT-084

**September 21, 2012**

**OPINION – FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Stephen Williams, special administrator of the Estate of Roscoe Petty, ("Estate") appeals the trial court's grant of summary judgment to Safe Auto Insurance Co. ("Safe Auto") in Safe Auto's declaratory judgment action. We affirm.

**Issue**

The Estate raises two issues, which we consolidate and restate as whether the trial court properly determined that there was no coverage under the Safe Auto policy for the Estate's negligent entrustment claim against Safe Auto's insured.

**Facts[1]**

In May 2008, Safe Auto issued a policy of automobile insurance ("Policy") to David Smith, Jr., which provided, in part:

> INSURING AGREEMENT
> We will pay **damages**, other than punitive or exemplary, for **bodily injury** or **property damage** for which you become legally responsible because of an **auto accident**. . . .
>
> Liability coverage will apply to any other person driving **your covered auto** with **your** permission, provided they are not a **resident** of **your** household and do not use **your covered auto** on a regular basis.
>
> * * * * *
>
> PROTECTION FOR OTHERS
> Anyone with a valid driver license or valid driving privileges using **your covered auto** with the **covered auto** owner's

---

[1] Safe Auto argues that the Estate failed to meet its burden on appeal because it failed to include the relevant summary judgment materials in its appendix. See Ind. Appellate Rule 50(A). Safe Auto filed an appellee's appendix and the Estate filed a supplemental appendix. Thus, we were provided with the materials necessary to review the Estate's arguments and will address the issues on the merits.

permission, and within the scope of such permission, who is <u>not</u> a named insured under a valid and effective auto insurance policy, has the same rights and obligations that **you** have under this coverage . . . .

\* \* \* \* \*

**General Provisions**

<u>Valid Driver License</u>
No coverage is afforded under any section of this policy if the **covered auto** is being operated by a person who is not a qualified, licensed driver, or is without a valid driver license, or whose driver license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason.

Appellee's App. pp. 25, 32.

On September 1, 2008, Smith allowed his friends, Roscoe Petty and Joseph Greene, to borrow his vehicle for a drive from Terre Haute to Indianapolis. Greene had been drinking alcohol that day, and there are some allegations that Petty had also been drinking. There is some dispute about whether Smith authorized Petty or Greene to drive. At some point, Ralph Rogers joined Petty and Greene. Neither Greene nor Rogers had a valid driver's license. The vehicle was involved in a single car accident on State Road 59 in Clay County, and Petty died as a result of the accident. It is also disputed who was driving the vehicle at the time of the accident.

In January 2009, the Estate filed a wrongful death complaint against Greene and Smith. In Count I, the Estate alleged that Greene was driving at the time of the accident and that he was negligent. In Count II, the Estate alleged that Smith negligently entrusted the vehicle to Greene. In February 2009, Safe Auto filed this declaratory judgment action

3

against the Estate, Smith, Rogers, and Greene, apparently claiming that it owed no coverage under the Policy and no duty to defend Smith due to exclusions for an unlicensed driver and lack of permission for Greene or Rogers to use the insured vehicle.[2]

Safe Auto filed a motion for summary judgment in its declaratory judgment action. Safe Auto argued that: (1) if Greene or Rogers was driving the vehicle, there would be no coverage under the Policy because neither was a licensed driver or had permission to operate the vehicle; (2) if Petty was driving the vehicle, there would be no coverage under the Policy because he "cannot maintain an action against himself for negligent driving" and Indiana does not recognize a first-party cause of action for negligent entrustment of a motor vehicle to a voluntarily intoxicated adult, citing Bailey v. State Farm Mut. Auto. Ins. Co., 881 N.E.2d 996, 1003 (Ind. Ct. App. 2008). Appellee's App. p. 14. Safe Auto also argued that there was no evidence that Smith negligently entrusted the vehicle to Petty.

The Estate filed a response to Safe Auto's motion for summary judgment.[3] The Estate argued that Greene was driving at the time of the accident and that Smith negligently entrusted the vehicle to Greene. The Estate argued that the Policy covered the negligent entrustment claim even though Greene was an unlicensed driver. It also argued that there was conflicting evidence as to whether Smith was aware of Greene's intoxication and, thus, whether Smith negligently entrusted his vehicle.

---

[2] The declaratory judgment complaint was not included in Appellant's Appendix, Appellee's Appendix, or Appellant's Supplemental Appendix.

[3] Smith filed a response, but the trial court granted a motion to strike the response because it was untimely. Safe Auto also filed a reply to the Estate's response, and the Estate filed a motion to strike, which the trial court denied.

At a hearing on the matter, the Estate agreed that, if Greene was driving, the unlicensed driver exclusion would apply to prevent coverage. Further, if Petty was driving, the Estate conceded that "obviously there would not [be coverage], [be]cause you can't sue yourself." Tr. p. 13. However, the Estate argued that Greene was driving and that coverage for its negligent entrustment claim was not barred by the unlicensed driver exclusion. Safe Auto responded that the unlicensed driver exclusion prevented coverage for all claims, including the negligent entrustment claim.

The trial court entered an order finding no genuine issue of material fact "as it pertains to coverage under the Safe Auto insurance policy for Defendant Joseph Greene and Defendant Ralph Rogers Jr. because of the valid driver license exclusion" and granted summary judgment to Safe Auto on that issue. Appellant's App. p. 10. However, the trial court found a genuine issue of material fact regarding the negligent entrustment claim and denied Safe Auto's motion for summary judgment "as it pertains to coverage for [Smith]." Id. at 11.

Safe Auto requested the trial court to clarify its ruling as to whether the negligent entrustment claim was excluded under the Policy's unlicensed driver exclusion. The trial court issued another order clarifying its summary judgment order. The trial court found that, if Petty was driving, "then Petty could not maintain an action against Smith for Petty's own negligent driving." Id. at 13. The trial court also concluded, "Smith is excluded from any coverage should it be determined Greene or Rogers was driving, regardless of whether (1) he negligently entrusted his vehicle to Greene and that negligent entrustment was the

5

responsible cause of Petty's damages; or (2) Greene or Rogers['s] negligent driving was the responsible cause of Petty's damages." Id. at 14. Thus, the trial court granted Safe Auto's motion for summary judgment. The Estate now appeals.

**Analysis**

The Estate argues that the trial court improperly determined that there was no coverage under the Policy for negligent entrustment. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56. We liberally construe all designated evidentiary material in a light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009). The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. Id. Our review of a summary judgment motion is limited to those materials designated to the trial court. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001).

The sole issue here is whether Smith's Policy covers a claim by the Estate against Smith for negligent entrustment if Greene or Rogers was driving the vehicle at the time of the accident.[4] "In order to support a claim of negligent entrustment regarding a vehicle, a plaintiff must demonstrate that another: '(1) entrusted [his] car; (2) to an incapacitated person

---

[4] During the summary judgment proceedings, the Estate conceded that, if Petty was driving, the Estate had no viable claim against Smith for negligent entrustment. See Bailey, 881 N.E.2d at 1002-03 (holding that, although Indiana recognizes a third party claim for negligent entrustment against an entrustor when the third party is injured by an incapacitated driver, Indiana does not recognize a first party claim by the incapacitated driver for negligent entrustment of a motor vehicle to a voluntarily intoxicated adult).

or one who is incapable of using due care; (3) with actual and specific knowledge that the person is incapacitated or incapable of using due care at the time of the entrustment; (4) proximate cause; and (5) damages.'" Bailey, 881 N.E.2d at 1001 (quoting Davidson v. Bailey, 826 N.E.2d 80, 88 (Ind. Ct. App. 2005)).

According to the Estate, Greene was driving the vehicle at the time of the accident, and Smith's Policy provides coverage for its negligent entrustment claim against Smith. The Estate first argues that the Policy is ambiguous regarding coverage for negligent entrustment claims. The Estate then argues that genuine issues of material fact exist as to whether Smith was negligent in letting Greene drive his vehicle.

The Estate's arguments require us to analyze the language of the Policy. "The construction of an insurance contract is a question of law for which summary judgment is particularly appropriate." Illinois Farmers Ins. Co. v. Wiegand, 808 N.E.2d 180, 184 (Ind. Ct. App. 2004), trans. denied. When the policy language of an insurance contract is clear and unambiguous, we will give the language its plain and ordinary meaning. Id. An insurance policy is ambiguous if reasonable persons may honestly differ as to the meaning of the policy language. Id. We interpret policy terms from the perspective of an ordinary policyholder of average intelligence. Id. Where there is ambiguity, an insurance policy must be strictly construed against the insurer. Id. This is particularly true where a policy excludes coverage. Id.

The Policy here contained the following exclusion:

> Valid Driver License
> No coverage is afforded under any section of this policy if the

> **covered auto** is being operated by a person who is not a qualified, licensed driver, or is without a valid driver license, or whose driver license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason.

Appellee's App. p. 32. The Estate argues that the Policy is ambiguous because this exclusion's language conflicts with the following provision: "We will pay **damages**, other than punitive or exemplary, for **bodily injury** or **property damage** for which you become legally responsible because of an **auto accident**." Id. at 25.

The conflict between the two provisions does not mean that an ambiguity exists. Even if one provision of the Policy would have provided coverage to Smith for the Estate's negligent entrustment claim, the driver's license exclusion plainly eliminated that coverage. "Generally, insurers are free to limit liability in any manner not inconsistent with public policy, and an unambiguous exclusionary clause is ordinarily entitled to enforcement." Am. Family Life Assur. Co. v. Russell, 700 N.E.2d 1174, 1177 (Ind. Ct. App. 1998), trans. denied. The exclusion clearly states that "No coverage is afforded under any section of this policy if the **covered auto** is being operated by a person who . . . is without a valid driver license . . . ." Appellee's App. p. 32 (emphasis added). Thus, if Greene or Rogers was driving the vehicle, the unlicensed driver exclusion is applicable and excludes any coverage, including coverage for the Estate's negligent entrustment claim.

We note that both the Estate and Safe Auto cite numerous cases to support their arguments. However, none of the cases contain this exact Policy language and involve a

negligent entrustment claim.[5] "Because we construe insurance policies as a whole in each case, prior cases that focus upon similar or identical clauses or exclusions are not necessarily determinative of later cases because the insurance policies as a whole may differ." Masten v. AMCO Ins. Co., 953 N.E.2d 566, 569 (Ind. Ct. App. 2011), trans. denied. Our duty is to examine the language of the Policy at issue here, and we conclude that the language unambiguously excludes coverage for the negligent entrustment claim against Smith. Because we conclude that Smith is not entitled to coverage for the Estate's negligent entrustment claim, we need not address the Estate's argument that genuine issues of material fact exist regarding whether Smith negligently entrusted his vehicle to Greene. The trial court properly granted summary judgment to Safe Auto.

### Conclusion

The trial court properly granted Safe Auto's motion for summary judgment. We affirm.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.

---

[5] Safe Auto cites one decision that involves the same policy language. See Smith v. Safe Auto Ins. Co., 901 N.E.2d 298 (Ohio Ct. App. 2008) (holding that the unlicensed driver exclusion prevented coverage where the driver's license had expired). However, Smith did not involve a negligent entrustment claim.

9